IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTOINNE LEWIS SMITH      *
    Plaintiff,
v.                        *   CIVIL ACTION NO. PWG-14-1042

DIRECTOR DEBORAH J. RICHARDSON *
DEPUTY DIRECTOR THOMAS
  FITZGERALD                *
    Defendants.
                       *****

## MEMORANDUM

### I. Background

On April 3, 2014, plaintiff Antoinne Lewis Smith, a former prisoner, filed a 42 U.S.C. § 1983 civil rights complaint for damages against the Baltimore County Detention Center ("BCDC")[1] and its Director and Deputy Director Deborah Richardson and Thomas Fitzgerald. He alleges that he continues to suffer from unspecified pain and has been denied "the right medical treatment." Smith claims that he "made these defendants well aware of damages done by their medical staff" and defendants have "engaged in a cover up to protect" BCDC medical employees. ECF No. 1.

Defendants Richardson and Fitzgerald have filed a motion for summary judgment, which remains unopposed.[2] ECF No. 15. The motion for summary judgment may be determined on the pleadings and shall be granted without oral hearing. *See* Local Rule 105.6 (D. Md. 2014).

### II. Standard of Review

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information,

---

[1] The court dismissed BCDC as a defendant finding that it was not a legal entity subject to suit under § 1983. ECF No. 7.

affidavits or declarations, stipulations..., admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1) (A); *see Baldwin v. City of Greensboro,* 714 F.3d 828, 833 (4th Cir. 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Celotex v. Catrett,* 477 U.S. 317 (1986). When the nonmoving party does not oppose a summary judgment motion, "those facts established by the motion" are "uncontroverted." *Custer v. Pan Am. Life Ins. Co.,* 12 F.3d 410, 416 (4th Cir. 1993). Nonetheless, the moving party still must demonstrate that, based on those facts, that party is entitled to judgment as a matter of law, because "[t]he failure to respond to the motion does not automatically accomplish this." *Id.*

### III. Discussion

#### Facts

This Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party, *see Scott v. Harris,* 550 U.S. 372, 378 (2007); *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and liberally construes Smith's pleadings in light of the fact that he is self-represented, *see Gordon v. Leek,* 574 F.2d 1147, 1151 (4th Cir. 1978). In his unverified complaint, Smith claims that he was denied medical treatment, he wrote defendants to make them aware of his concerns, and they acted to cover up and protect healthcare personnel.

#### Legal Analysis

In their motion for summary judgment, defendants Richardson and Fitzgerald assert that

---

[2] Smith, having been notified of his rights and obligations to file responsive pleadings pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), *see* ECF No. 16, has chosen not to file opposition materials.

Smith was admitted to the BCDC on December 16, 2013, at which time he reported a history of mental illness, chronic back pain and deep vein thrombosis ("DVT").[3] His medical file was extensive. Anzalone Aff., Defs.' Mem. Ex. 1, ECF No. 15-2. Smith raised several internal complaints regarding his medical care and each grievance was investigated and found to be without merit. The investigation, conducted by the BCDC Medical Liaison James Anazalone, determined that Smith was receiving his numerous medications and would receive follow-up care in light of a consultation report from the University of Maryland Shock Trauma Unit. Further, it was found that Smith had received a Doppler study[4] of his leg to rule out a DVT, and x-rays were conducted of his shoulder and hand in light of his complaints of shoulder and hand pain. No abnormalities or damage was noted. *Id.* Smith was seen and evaluated by Dr. Jaffe at the University of Maryland Shock Trauma Unit in February of 2014, for his subjective complaints of chronic pain. Physical therapy and lumbar traction therapy were recommended. In April of 2014, Smith began to receive these therapies twice a week and they continued until his release from BCDC on May 2, 2014. *Id.*

Defendants otherwise affirm that at no time during Smith's detention did they interfere with his medical treatment or the administration of his medication. Richardson & Fitzgerald Affs., Defs.' Mem. Exs. 2 & 3, ECF Nos. 15-3 & 15-4. They state that ConMed Healthcare Management and Baltimore County, Maryland entered into a contractual agreement in which ConMed would provide

---

[3] "Deep vein thrombosis (DVT) occurs when a blood clot (thrombus) forms in one or more of the deep veins in [someone's] body, usually in [the] legs. Deep vein thrombosis can cause leg pain or swelling, but may occur without any symptoms." *See* http://www.mayoclinic.org/diseases-conditions/deep-vein-thrombosis/basics/definition/con-20031922.

[4] "A Doppler ultrasound is a noninvasive test that can be used to estimate . . . blood flow through blood vessels by bouncing high-frequency sound waves (ultrasound) off circulating red blood cells. A regular ultrasound uses sound waves to produce images, but can't show blood flow." *See* http://www.mayoclinic.org/doppler-ultrasound/expert-answers/faq-20058452.

medical services for prisoners housed at the BCDC. Defs.' Mem. 6, ECF No. 15-1.

Insofar as the Complaint names BCDC Director Richardson and Deputy Director Fitzgerald, there is no showing that they were personally involved in Smith's medical care for the four and one-half month period he was confined at BCDC.[5] Smith has provided no evidence demonstrating their supervisory liability. *See Shaw v. Shroud*, 13 F.3d 791, 799 (4th Cir. 1994) ("We have set forth three elements necessary to establish supervisory liability under § 1983: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff."). Moreover, the unopposed record shows that Smith's complaints of pain were not ignored by healthcare staff. He was provided prescribed medications and evaluations and received short-term physical therapy sessions at the University of Maryland Hospital Center. Inmates do not have a constitutional right to the treatment of their choice, *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986), and disagreements between medical staff and an inmate over the need for or extent of medical treatment do not rise to a constitutional injury. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *see also Fleming v. LeFevere*, 423 F. Supp. 2d 1064, 1070-71 (C.D. Cal. 2006).

---

[5] Under § 1983, individual liability must be based on personal conduct. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985). Further, absent subjective knowledge, a prison official is not liable. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (holding that "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it"); *see Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998).

## IV. CONCLUSION

Defendants' motion for summary judgment shall be granted. A separate Order shall be entered reflecting the rulings entered in this decision.

Date: 02-11 2015

_____
Paul W. Grimm
United States District Judge